```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
PAUL BALZER,                        )
                                    )
     Plaintiff,                     )
                                    )
          v.                        )    C.A. No. 19-109 WES
                                    )
TOWN OF JAMESTOWN, et al.           )
                                    )
     Defendants.                    )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court are Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Rule 50(a), ECF No. 40, and Defendants' Rule 50 Motion for Judgment as a Matter of Law, ECF No. 41 ("Rule 50 motions"). At trial, the parties stipulated that the jury would "deliberate on and answer specific interrogatories submitted to it by the Court" and that the Court alone would "render[] a verdict[,]" though it "may use the jury's answers to these interrogatories to guide its decision[.]" Oct. 2, 2020 Stip., ECF No. 37. The parties subsequently filed their Rule 50 motions, which pertain solely to Count II of the Amended Complaint, Plaintiff Paul Balzer's state law breach of contract claim. See Am. Compl. ¶¶ 42-49, ECF No. 15. For the reasons explained below, this Court holds that Defendants ("the Town") did not have the authority to terminate the Blue Cross Blue Shield benefits

described in Article 12 § 1(h), (i) of the 2001-2004 Collective Bargaining Agreement ("CBA") for Mr. Balzer when he turned sixty-five years of age, but did have the authority to terminate these benefits for his spouse, Janice Balzer.

I.  BACKGROUND[1]

Plaintiff served as a police officer with the Jamestown, Rhode Island police department from 1971 through 2004.  Am. Compl. ¶¶ 12, 14; Defs.' Answer to Pls.' Am. Compl. ("Answer") ¶ 8.  At the time of his retirement, Jamestown police officers were part of the CBA.  Am. Compl. ¶ 15; Answer ¶ 8.  Article XII, Section 1, Subsections (h) and (i) of the CBA provides:

> (h) Blue Cross Blue Shield Managed Benefits Program/Family Plan with no reimbursable deductibles and no riders for all members of the bargaining unit who retire from the Jamestown Police Department upon reaching their normal retirement date, After March 1, 1991.
> (i) The Town agrees to provide this coverage for retired employees until such time as they become eligible for equal or better coverage through future employment or through equal or better coverage supplied by a spouse's employer.  Retired employees will be allowed to purchase coverage for family members through the Town, at the rate the Town pays for the coverage.  Employees that leave the Town's plan when equal or better coverage is available as detailed above, will be taken back under the Town's coverage in the event of loss of these benefits.

Pl.'s Trial Ex. 1.

---

[1] Except where noted otherwise, these factual findings are based on the undisputed evidence at trial.

The Town paid for health insurance coverage for Mr. Balzer and his wife from the date of Mr. Balzer's retirement in 2004 through December 31, 2018. In 2011 and 2012, Mr. Balzer had interactions with administrators from the Town who told him that the Town would terminate his and his spouse's healthcare benefits when he turned sixty-five (which occurred in 2011), as he would be eligible to enroll in Medicare. Despite these communications, the Town did not terminate these benefits until December 31, 2018. Mr. Balzer subsequently filed suit, arguing that the Town did not have the authority to terminate his and his spouse's health benefits.[2]

## II. LEGAL STANDARD

The legal standard for granting judgment as a matter of law is the same as that of summary judgment. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) ("[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–251 (1986))). The Court must "review all of the evidence in the record" and "draw all reasonable inferences in favor of the nonmoving party[.]" Id. The Court cannot "consider the

---

[2] Mr. Balzer also contends that the application of R.I. General Laws § 28-54-1 is unconstitutional, but as this argument is not part of the Rule 50 Motions at issue here, the Court does not address this claim or any others related to it.

3

credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Richmond Steel Inc. v. Puerto Rican American Ins. Co., 954 F.2d 19, 22 (1st Cir. 1992).

As the parties stipulated, the jury's answers to the submitted interrogatories at trial are advisory, and the Court is not required to follow their direction. See Oct. 2, 2020 Stip.

III. DISCUSSION

A. Paul Balzer

"In assessing whether contract language is ambiguous," under Rhode Island law, words are given "their plain, ordinary, and usual meaning." Furtado v. Goncalves, 63 A.3d 533, 537 (R.I. 2013) (citation omitted); see also Narragansett Jewelry Co. v. St. Paul Fire and Marine Ins. Co., 555 F.3d 38, 41 (1st Cir. 2009). Where "a contract is clear and unambiguous by its terms," the contract's "meaning should be determined without reference to extrinsic facts or aids." Furtado, 63 A.3d at 537 (citing Garden City Treatment Ct'r, Inc. v. Coordinated Health Partners, Inc., 852 A.2d 535, 542 (R.I. 2004)). The "subjective intent of the parties is of no moment." Id. (emphasis omitted) (citing Young v. Warwick Rollermagic Skating Ct'r, Inc., 973 A.3d 553, 560 (R.I. 2009)). Here, Article XII, Section 1, Subsection (h) of the CBA provides that "all members of the bargaining unit who retire from the Jamestown Police Department upon reaching their normal retirement date" are entitled to the "Blue Cross Blue Shield Managed Benefits

4

Program/Family Plan with no reimbursable deductibles and no riders." Subsection (i) states that "[t]he Town agrees to provide this coverage for retired employees until such time as they become eligible for equal or better coverage through future employment or through equal or better coverage supplied by a spouse's employer."

The plain, unambiguous meaning of this language is that members of the collective bargaining unit who retire from the Jamestown Police Department at or after the normal retirement date are entitled to this type of health insurance through retirement, unless they become eligible for equal or better coverage, either through future employment or through a spouse's employment. With respect to Mr. Balzer, he retired at the appropriate age under the CBA, and he never became eligible for equal or better coverage through employment after his retirement from the Department, nor through his spouse's employer. While Mr. Balzer was employed at Wyndham Resorts International after retirement, he was not eligible for equal and better coverage through that employer. Paul Balzer Trial Test., Oct. 1, 2020. There is no language describing other ways in which the Town could terminate this benefit. There is no need to examine extrinsic facts or subjective intent – and even if the Court were to do so, the extrinsic facts would weigh in favor of Mr. Balzer receiving this continued benefit, as the Town continued to pay for his Blue Cross Blue Shield plan well past his retirement age. While the jury reached the opposite

conclusion, that conclusion does not overcome the CBA's plain language. As the plain language of the CBA clearly provides that Mr. Balzer is entitled to the Blue Cross Blue Shield plan promised in the CBA, this Court finds in favor of Plaintiff on this issue.

B.   Janice Balzer

With respect to Janice Balzer, the CBA is not so clear. As described above, Article XII, Section 1, Subsection (h) of the CBA provides that "all members of the bargaining unit who retire from the Jamestown Police Department upon reaching their normal retirement date" are entitled to the "Blue Cross Blue Shield Managed Benefits Program/Family Plan with no reimbursable deductibles and no riders." Subsection (i) provides that "[r]etired employees will be allowed to purchase coverage for family members through the Town, at the rate the Town pays for the coverage." These provisions are at odds with each other and create ambiguity, as the first suggests that Mr. Balzer's spouse would be included under the Blue Cross Blue Shield plan, while the second suggests that Mr. Balzer must purchase coverage from the Town for his spouse if he wants his spouse to be covered as well.

Under Rhode Island law, if a contract's language is ambiguous, the Court examines extrinsic evidence to determine the parties' intent. <u>Henrikson v. Town of East Greenwich</u>, 94 F. Supp. 3d 180, 188 (D.R.I. 2015) (citing <u>Elena Carcieri Trust-1988 v. Enter. Rent-A-Car Co.</u>, 871 A.2d 944, 947 (R.I. 2005)). At trial, Plaintiff

6

and Defendants each provided extrinsic evidence in support of their positions.  Mr. John Dube, a member of the union who negotiated on the union's behalf for the CBA at issue here, testified that spouses are included within the health insurance coverage provisions of the CBA.  John Dube Trial Test., Oct. 1, 2020.  Former Jamestown Town Administrator Andrew Nota, by contrast, testified that he interpreted the CBA to mean that all Blue Cross Blue Shield healthcare benefits ended once retirees reached sixty-five years of age, included any benefits for spouses.  Andrew Nota Trial Test., Oct. 1, 2020.  As substantial evidence supports each side, interpretation of the contract as to Mrs. Balzer is a close call.  Taking the jury's answer to this part of the interrogatories into consideration, this Court finds that the scales tip in favor of Defendants as to this issue.

III. CONCLUSION

The Court holds that the CBA did not give the Town the authority to terminate the Blue Cross Blue Shield benefits described in the CBA for Mr. Balzer when he turned sixty-five years of age.  However, the Town did have contractual authority to

7

terminate these benefits for his spouse.  Judgment shall enter for Defendants with regards to Janice Balzer's benefits.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date:  August 10, 2021